UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW VICKERS,

    Plaintiff,

v.

    CASE NO.:

CARIBBEAN CONTAINERS LLC,
and PETER LAPIETRA,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW VICKERS ("Plaintiff"), hereby sues Defendants, CARIBBEAN CONTAINERS LLC, and PETER LAPIETRA, Individually, (hereinafter after as "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, MATTHEW VICKERS, is an adult and a resident of Polk

County, Florida.

4. Defendant, CARIBBEAN CONTAINERS LLC, is a Florida corporation authorized and doing business in this Judicial District.

5. Defendant, CARIBBEAN CONTAINERS LLC, is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6. Defendant, PETER LAPIETRA, was an officer, director, manager, owner, and/or operator of Defendant, CARIBBEAN CONTAINERS LLC, and was directly involved in the day-to-day operations of CARIBBEAN CONTAINERS LLC, had direct responsibility for the supervision of Plaintiff, as well as control over the compensation paid to Plaintiff, and individually took the adverse employment action against Plaintiff's complaint of herein, and therefore, is individually liable for the violations of law complained of herein pursuant to the FLSA.

7. As part of Plaintiff's duties for the Defendants, Plaintiff regularly engaged in commerce, handled goods in commerce, and the production of goods for commerce. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. §

203(e)(2). Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

8. Defendants are employers within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

9. Plaintiff began his employment with the Defendant on or around September 18, 2018 as a full-time welder and later promoted to machine mechanic.

10. In this role, Plaintiff was paid a fixed sum irrespective of the number of hours worked.

11. Plaintiff worked more than forty (40) hours per work week with Defendants for which he was not compensated by Defendant at a rate of time and one half his regular hourly rate.

12. Despite Defendants obligations as an employer, Defendants failed to keep accurate records of hours worked by Plaintiff even though they knew, or should have known, that Plaintiff was working in excess of forty (40) hours per work week.

13. Records, documents, and other evidence which reflect the actual number of hours worked by Plaintiff are in the possession of Defendant and will be obtained in discovery.

14. Plaintiff requested his unpaid wages from Defendants and to date he

has not been compensated. In fact, despite being served with this action, Defendants have made no attempts to properly compensate Plaintiff.

15. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

16. Plaintiff MATTHEW VICKERS re-alleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

17. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

18. Defendants, CARIBBEAN CONTAINERS LLC, and PETER LAPIETRA are a common enterprise and/or joint employers of Plaintiff, engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

19. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40)

hours in a work week.

20. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

21. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

22. Defendants' failure to pay Plaintiff overtime at a rate less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

23. Defendants knew or had reason to know that Plaintiff performed work outside of his regular schedule and therefore worked in excess of forty (40) hours per work week.

24. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

25. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

26. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorneys' fees and costs

pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, MATTHEW VICKERS, demands a trial by jury and judgment against Defendants, CARIBBEAN CONTAINERS LLC, and PETER LAPIETRA, Individually, for the following relief and damages:

    a.    Overtime compensation in the amount due to his for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b.    Liquidated damages in an amount equal to the overtime award;

    c.    Prejudgment interest;

    d.    Reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    A judicial determination that the FLSA was violated and an adjudication on the merits of the case;

    f.    Any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

28.    Plaintiff, MATTHEW VICKERS, requests a jury trial on all issues so triable.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: miguel@fgbolaw.com
Secondary: debbie@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
chris@fgbolaw.com

> 16524 Pointe Village Drive, Suite 100
> Lutz, FL 33558
> Telephone (727) 254-5255
> Facsimile (727) 483-7942
>
> Trial Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice to counsel of record.

/s Miguel Bouzas
Miguel Bouzas, Esq.