UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATTHEW VICKERS,**

    Plaintiff,

v.                                   Case No.: 8:23-cv-541-MSS-AEP

**CARIBBEAN CONTAINERS LLC, and
PETER LAPIETRA, individually,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice. (Dkt. 10) This case involves a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Dkt. 1) Plaintiff, Matthew Vickers, was employed by Defendants from approximately September 18, 2018 through March 21, 2023. (Dkt. 1 at ¶ 9) On or about March 10, 2013, Plaintiff filed this action against Defendants alleging violations of the FLSA's overtime compensation provision. (Dkt. 1) The Parties now request that the Court approve their Settlement Agreement and dismiss the case with prejudice. (Dkt. 10)

A claim brought under the FLSA can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the

1

parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. "If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the [c]ourt to review the settlement." Bonetti v. Embarq Management Co., 715 F. Supp.2d 1222, 1227 n. 7 (M.D. Fla. 2009).

In exchange for, *inter alia*, a mutual general release and Plaintiff's voluntary resignation, Defendants have agreed to pay a Settlement Sum of $45,000.00, which includes: (a) $13,299.00 to Plaintiff for unpaid wages; (b) $13,299.00 to Plaintiff for liquidated damages; and (c) $18,402.00 to Plaintiff's Counsel, Christopher D. Gray, for costs and fees. Defendants have further agreed to release Plaintiff from: (1) a retention bonus repayment obligation set forth in Section 2 of the Non-Compete Agreement, (see Exhibit A to the Settlement Agreement); and (2) the restrictive covenants set forth in Sections 4(a) (i), (ii), (iv), and (v), including the non-competition restriction, non-acceptance of work restriction, non-disparagement restriction, and non-solicitation of customer restriction, which, according to the Parties, provide "additional and valuable consideration in exchange for the inclusion of the aforementioned provisions in the Settlement Agreement." (Dkt. 10 at 5-6) The Parties agree and acknowledge that Plaintiff has received approximately $55,000.00 in bonuses, including the retention bonus, which would have to be paid back to

2

Defendants if Plaintiff voluntarily resigned before December 31, 2023. (Id. at 6) Plaintiff and Defendants have agreed and acknowledged that "all remaining obligations and restrictions set forth in the Non-Compete Agreement, including, but not limited to, Section 3 (confidentiality obligations) and Section 4(a)(iii) (non-solicitation of employees), shall remain in full force and effect and are in no way modified by this Agreement." (Settlement Agreement, p. 10)

The Parties agree that the terms of Settlement Agreement represent a "fair and reasonable compromise" of the *bona fide* dispute regarding Plaintiff's entitlement to overtime compensation. (Dkt. 10 at 7) Furthermore, the Parties inform the Court that "each party was independently represented by counsel with substantial experience litigating FLSA claims" and that they "agree they weighed the opinions of their respective counsel in deciding whether to settle." (Id. at 8, 10) Likewise, the Parties assert that the amount agreed to be paid to Plaintiff's counsel for costs and fees was "negotiated separately from the amounts being paid to Mr. Vickers under the terms of the agreement." (Settlement Agreement, p. 15)

Upon review of the Settlement Agreement, the Court finds that, with the exception of the confidentiality provision contained in Section II, paragraph seven (7) of the Settlement Agreement, the Parties' Agreement is fair and reasonable as it relates to Plaintiff's claims under the FLSA. "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).

"The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA." Id. at 1243. Therefore, the Court finds that the confidentiality provision contained in Section II, paragraph seven (7) of the Parties' Settlement Agreement is unenforceable. Pursuant to the severability provision contained in Section II, paragraph eight (8), the Court severs the confidentiality provision from the Settlement Agreement and approves the remainder of the Settlement Agreement subject to the limitations set forth below in paragraph four (4).

However, the Court's approval of this Settlement Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code. Moreover, as this is not a collective action, the Court's approval does not affect the Defendants' obligations toward any of its other current or former employees or the employees' rights to seek redress if they have been denied rights under the FLSA.

Accordingly, it is hereby **ORDERED** that:

1. The Parties' Joint Motion For Approval of Settlement and Dismissal with Prejudice, (Dkt.10), is **GRANTED**.

2. The Settlement Agreement is **APPROVED subject to the limitations set forth in paragraph four (4)** and shall **GOVERN** the Parties' conduct in settlement of this civil action.

3. The Defendants shall disburse the Settlement Sums as set forth herein in Section II of the Parties' Settlement Agreement.

4. The confidentiality provision contained in the seventh paragraph under Section II of the Parties' Settlement Agreement shall not be enforced and is stricken from the remainder of the Settlement Agreement. The Settlement Agreement does not bind any party who is not named as a party in the Settlement Agreement or referenced as an assign, attorney, or successor to the named parties. The Settlement Agreement also does not bar any claim by any third-party that may be brought against either party to this action.

5. This case is **DISMISSED with prejudice**. Each party shall bear its own legal fees and costs, if applicable, except as specified in the Parties' Settlement Agreement. **No retainer agreement between Plaintiff and counsel shall override or alter the amount of settlement proceeds due to Plaintiff in accordance with the terms of the Settlement Agreement as approved by this Order. Counsel shall provide a copy of this Order to their respective clients.**

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of April 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person